# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**RENNIE NATHANIEL SMITH, JR.**          **CIVIL ACTION**

**versus**                               **NUMBER: 2:11-cv-01487**

**XTO OFFSHORE, INC., AKA and**          **SECTION: "B"**
**d/b/a XTO ENTERGY, INC., DISHMAN**
**& BENNETT SPECIALTY, INC. and**
**WRIGHT'S WELL CONTROL SERVICES, LLC**

## ORDER AND REASONS

Before the Court are Defendant XTO Offshore, Inc.'s (XTO) Motion to Dismiss Pursuant to Rule 12(B)(6) (Rec. Doc. No. 27), XTO's Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) (Rec. Doc. No. 41), and Defendant Wright's Well Control Services, LLC's (Wright's) Motion to Dismiss Plaintiff's Petition for Damages and Amended Complaint (Rec. Doc. No. 42). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that XTO's Motions to Dismiss be **GRANTED**.[1]

**IT IS FURTHER ORDERED** that Wright's' Motion to Dismiss be **GRANTED**.

## PROCEDURAL HISTORY

Plaintiff, an employee of Wright's, was working as an operator on a satellite production platform owned by XTO. (Rec. Doc. No. 1-1 at 2). On June 9, 2010, Plaintiff was allegedly injured while in a "work basket" that was suspended twenty feet above the deck of the platform. *Id.* According to the Complaint, it is believed that, due

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

to a loss of pressure, a set of tongs swung towards the Plaintiff and hit him in the hip/pelvis area. *Id.* at 2. Plaintiff claims to have momentarily lost consciousness. *Id.* He was removed from the platform by helicopter and taken to a nearby hospital. *Id.*

Plaintiff claims that he "was seriously and permanently injured" as a result of the accident at issue in this case. *Id.* at 4.[2] He avers that XTO was "grossly negligent" in its regard for the safety of the Plaintiff. *Id.* at 3. Similarly, he argues that Wright's was "grossly negligent" in its regard for Plaintiff's safety. *Id.* at 4. Additionally, Plaintiff avers that defendant Dishman & Bennett Specialty Company (Dishman) was negligent regarding the equipment, including the tongs that allegedly caused his injury, placed on the XTO platform. *Id.* at 3-4.

This suit was initially filed in the 32nd Judicial District for the Parish of Terrebone, State of Louisiana. (Rec. Doc. No. 1 at 1). XTO removed it to this Court on June 23, 2011. *Id.* On August 16, 2011, XTO moved to dismiss Plaintiff's maritime and maritime-related claims on the basis that Plaintiff's claims arose solely under the Outer Continental Shelf Lands Act (OCSLA).[3] (Rec. Doc.

---

[2] Specifically, Plaintiff avers that he suffered a "fracture to his pelvis, left knee, left thigh muscle, middle and lower back injuries." (Rec. Doc. No. 1-1 at 4).

[3] The OCSLA is the federal body of law that governs cases and controversies "arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which

2

No. 10). Dishman and Wright's filed similar motions. (Rec. Doc. No. 13; Rec. Doc. No. 14). On October 4, 2011, this Court dismissed all maritime claims asserted by the Plaintiff. (Rec. Doc. No. 20). Plaintiff lodged no complaint to the motions for dismissal of the maritime claims, including the claims for punitive damages, nor did Plaintiff request reconsideration of this Court's dismissal of those claims. (Rec. Doc. No. 27-1 at 3). On November 23, 2011, Plaintiff filed an Amended Complaint. (Rec. Doc. No. 36).

## LAW AND ANALYSIS

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a complaint to be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Granting such a motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Id.* Dismissal is acceptable "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F. 3d 322, 324 (5th Cir. 1999)(citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). In

---

involves rights to such minerals." 43 U.S.C. § 1349(b)(1). For the OCSLA to apply, the activity must occur on the outer Continental Shelf (OCS) and must arise out of or relate to mineral production. *Hughes v. Laborde Marine Lifts, Inc.*, 2007 WL 3124681, *2 (E.D. La. 2007).

3

analyzing a complaint, a court accepts all well-pleaded facts as true and in the light most favorable to the plaintiff. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

**B. Plaintiff Fails to State a Claim Against XTO**

Pursuant to this Court's Order on Motion to Dismiss, Plaintiff's maritime and maritime-related claims, including the claim for punitive damages have been dismissed. (Rec. Doc. No. 20) The instant suit is now governed by the OCSLA as a result of the dismissal of the maritime claims. (Rec. Doc. No. 27-1 at 3). The OSCLA incorporates aspects of the law of the adjacent states, where the laws are not inconsistent with the terms of the statute. *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563 (5th Cir. 1994). State law is applicable when (1) the controversy arises on a situs covered by the OSCLA; (2) federal maritime law does not apply to the action; and (3) state law is not inconsistent with the governing federal law. *See, e.g., Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co.*, 448 F.3d 760 (5th Cir. 2006); *Union Tex. Petroleum Corp. v. PLT Eng'g*, 895 F.2d 1043 (5th Cir. 1990). Plaintiff alleges state law claims in his original complaint, including gross negligence and negligence. (*See* Rec. Doc. No. 1-1). None of the parties contest that Louisiana state law is applicable in the instant case.

XTO claims that all claims against it should be dismissed

because gross negligence[4] is not a recognized cause of action under state law. (Rec. Doc. No. 27-1 at 3). Plaintiff claims that it did not file a claim against XTO for gross negligence but rather in intentional tort. (Rec. Doc. No. 43 at 3). This is not supported by the Complaint or the Amended Complaint. In each the Original and the Amended Complaints, Plaintiff avers that XTO was "grossly negligent" in ten different areas. (Rec. Doc. No. 1-1 at 3; Rec. Doc. No. 36 at 3).

Generally, in Louisiana law, the exclusive tort remedy is based on an ordinary negligence standard. *See* Edwin H. Byrd, III, *Reflections on Willful, Wanton, Reckless, and Gross Negligence*, 48 La. L. Rev. 1383 (1988); *Moses v. Butts*, 70 So. 2d 203, 206 (La. App. 1 st Cir. 1954)("The common law distinctions between willful acts resulting in injury and simple negligence are not recognized in the Civil Law, which requires only acts constituting 'fault' to give rise to a cause of action."). The Louisiana Legislature has, over time, enacted statutes that impose liability only when a

---

[4] As defined by Black's Law Dictionary, gross negligence is "[a] conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party, who may typically recover exemplary damages." BLACK'S LAW DICTIONARY (9th Ed. 2009). Conversely, negligence is defined as "failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm, except for conduct that is intentionally, wantonly, or willfully disregardful of others' rights." *Id.*

5

plaintiff can prove the heightened standard of gross negligence.[5]

Gross negligence would have been actionable when Plaintiff was asserting maritime claims against Defendants. *See, e.g., Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, 80 F. Supp. 2d 943 (E.D. La. 2011). However, all maritime claims have been dismissed in the instant action and Louisiana negligence law now governs. (Rec. Doc. No. 20).

XTO correctly asserts that the statutory construction principle of *inclusion unius est exclusion alterius* applies in the instant case. (Rec. Doc. No. 27-1 at 6). The Louisiana Supreme Court has held that "when the legislature specifically enumates a series of things . . . the legislature's omission of other items, which could have easily been included in the statute is deemed

---

[5] XTO provides several examples of these statutes, including: LA. CIV. CODE ANN. art. 2315.3 (2009) (exemplary damages for child pornography where injuries are caused by "wanton and reckless disregard"); LA. CIV. CODE ANN. art. 2315.4 (1984) (exemplary damages when an intoxicated driver injures others as a result of "wanton and reckless disregard" for the safety of others); LA. REV. STAT. ANN. § 9:2793 (1975) (exempting persons who provide gratuitous services at the scene of an accident from liability, unless the person's intentional or gross negligence caused damage); LA. REV. STAT. ANN. § 9:2793.1 (1989) (providing immunity for public entities and their employees for damages to property arising in the course and scope of employment, unless the damage was caused by wanton or willful misconduct or gross negligence); LA. REV. STAT. ANN. § 9:2796 (1979) (limiting liability to Mardi Gras organizations for loss connected to parades unless the damage was caused by deliberate acts or gross negligence; LA. REV. STAT. ANN. § 9.2800.4 (1987) (limiting liability of landowners against persons who unlawfully enter their property, unless damage was caused by the owner's intentional act or gross negligence).

intentional." *State through Dept. Of Pub. Safety & Corr., Office of State Police, Riverboat Gaming Div. v. Louisiana Riverboat Gaming Comm'n & Horseshoe Entm't*, 94-1872 (La. 5/22/95); 655 So. 2d 292, 302; *see also State ex rel. Fitzpatrick v. Grace*, 175 So. 656 (1936); SUTHERLAND STATUTORY CONST. § 47.23 (5th Ed.1992); Earl T. Crawford, THE CONSTRUCTION OF STATUTES, § 195, at 334 (1940). Given that the legislature has not provided for a standard of gross negligence in the applicable statutes, there is no claim pleaded against XTO in the instant action.

**C. Plaintiff Fails to State a Claim Against Wright's**

Wright's claims that Plaintiff's allegations, including the claim of gross negligence, "do not rise to the level required for an employee to maintain an intentional tort claim under the Longshore and Harbor Worker's Compensation Act, assuming that" these claims are allowed under 33 U.S.C. § 905(a). (Rec. Doc. No. 42). Wright's argues that the Longshore and Harbor Workers' Compensation Act (LHWCA)[6] is the appropriate remedy in the instant case. (Rec. Doc. No. 42-1 at 2). This is the exclusive remedy, to the exclusion of all other statutory schemes. 33 U.S.C. § 905(a) (2006). While Plaintiff concedes that the LHWCA applies to the

---

[6] The OCSLA provides that "With respect to disability or death of any employee resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf . . . compensation shall be payable under the provisions of the Longshore and Harbor Workers' Compensation Act." 43 U.S.C. § 1333(b) (2006).

7

instant case, he claims that the "exclusive remedy provision does not apply to employer intentional torts" because the LHWCA's benefit provisions does not address employer intentional torts. (Rec. Doc. No. 43 at 4).

The Fifth Circuit has specifically noted that there are "conflicting authorities on the reach of the LHWCA over intentional torts." *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 44 (5th Cir. 1989).[7] As recently as January 2012, it stated that it has "not yet expressly recognized [an] intentional tort 'exception'" to the LHWCA. *Fisher v. Halliburton*, 667 F.3d 602, 617 (5th Cir. 2012). However, other courts that have recognized this exception "take a very narrow view of the types of intentional injury"; nothing short of an employer having a specific intent or desire that the injury occur is enough to remove the LHWCA's exclusive jurisdiction requirement. *Id.* at 617-68; *see also Johnson*, 864 F.2d at 44, *Sharp v. Elkins*, 616 F. Supp. 1561, 1565-66 (D. La. 1985); *Houston v. Bechtel Assocs. Prof'l Corp., D.C.*, 522 F. Supp. 1094 (D.D.C. 1981). Given that Plaintiff never alleges that Wright's acted

---

[7] The Fifth Circuit compares *Atkinson v. Gates, McDonald & Co.,* 838 F.2d 808, 813 (5th Cir.1988); *Nations v. Morris,* 483 F.2d 577, 587–89 (5th Cir. 1973) *cert. denied*, 414 U.S. 1071 (1973)(both cases containing statements that LHWCA is a complete and self-sufficient remedy)with *Sample v. Johnson,* 771 F.2d 1335, 1346 (9th Cir.1985); *Houston v. Bechtel Associates Professional Corp.,* 522 F. Supp. 1094, 1096 (D.D.C.1981); *Davis v. Rockwell International Corp.,* 596 F. Supp. 780, 785 (N.D. Ohio 1984) (cases suggesting that intentionally inflicted injury may not be covered by LHWCA).

intentionally in either the Complaint or the Amended Complaint, there are only allegations of negligence. Since all tort claims short of intentional tort claims are precluded by the terms of the LHWCA, Plaintiff is left without a claim against Wright's.

## **CONCLUSION**

**IT IS ORDERED** that XTO's Motions to Dismiss be **GRANTED** because "gross negligence" is not recognized by the relevant Louisiana statutes.

Additionally, **IT IS FURTHER ORDERED** that Wright's' Motion to Dismiss be **GRANTED** because Plaintiff's claims against his employer are precluded by the LHWCA, and there are no allegations of intentional tort against that employer.

New Orleans, this 10th day of April, 2012.

_____

UNITED STATES DISTRICT JUDGE